IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBra MATTHEWS and AGNES PALKA individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BP CORPORATION NORTH AMERICA INC., BP RETIREMENT ACCUMULATION PLAN, BP INVESTMENT COMMITTEE, JOHN DOES 1-100,<br><br>Defendants. | No. 05 C 6666<br><br>Judge David Coar<br>Magistrate Judge Nan Nolan |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants BP Corporation North America Inc., BP Retirement Accumulation Plan and BP Investment Committee (collectively "Defendants"), by their attorneys, submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     INTRODUCTION**

On November 22, 2005, Plaintiffs filed a six-count Complaint alleging that the BP Retirement Accumulation Plan (the "Plan") – a "cash balance" defined benefit plan – violated the requirements of the Employee Retirement Income Security Act, 29 U.S.C. §§1001 *et seq.* ("ERISA").[1]  On March 14, 2006, Defendants filed a motion to dismiss Plaintiffs' Complaint because the claims contained therein were previously settled and released in *Nichols v. BP America Retirement Accumulation Plan,* No. 01 C 6238 (N.D.Ill.).

---

[1] In *Cooper et al v. IBM Personal Pension Plan et al.,* No. 05-3588, the Seventh Circuit is considering certain ERISA cash balance issues raised Plaintiffs' Amended Complaint (Am. Comp. ¶31). *Cooper* was orally argued before the Seventh Circuit on February 16, 2006.

In response to Defendants' motion, Plaintiffs filed an Amended Complaint removing two of the six counts. The claims contained in the Amended Complaint set forth the identical allegations as set forth in Counts I, IV, V, and VI of Plaintiffs' initial Complaint. The allegations in the Amended Complaint, just like the claims contained in Plaintiffs' initial Complaint, were previously settled and released in the *Nichols* litigation and should, therefore, be dismissed.

In *Nichols,* Judge Pallmeyer approved a class action settlement on September 27, 2002 under which the Plan distributed $71,000,000 to more than 10,000 class participants, including current plaintiffs Matthews and Palka (Ex. 1, Weinbaum Aff. ¶6).[2] The settlement agreement in that case bars Plaintiffs from bringing any claims that were or "could have been brought, raised or asserted in the [*Nichols*] Litigation" (Ex. 1, ¶4, Att. B). *See Tropp v. Western-Southern Life Insurance Co.,* 381 F.3d 591, 596 (7th Cir. 2004) (affirming dismissal of claim based on a settlement and release in an earlier class action litigation); *Howell v. Motorola, Inc.*, No. 03-5044, 2005 WL 240410 (N.D.Ill. Sept. 30, 2005) (dismissing plaintiff's ERISA class action claims as barred by his previously signed severance agreement and general release); *Anderson v. Lincoln Insurance Agency, Inc.*, No. 02 C 8377, 2003 WL 291928 (N.D.Ill. Feb. 10, 2003) (dismissing plaintiffs' class action complaint pursuant to Rule 12(b)(6) finding that it was barred by a class action settlement in a related matter.

There are other substantial legal defenses to Plaintiffs' claims. Most courts have rejected the theories advanced in the Amended Complaint and there is no factual support for the breach of fiduciary duty claims. Rather than jump into this morass of legal and factual arguments,

---

[2] Although Defendants submit the declaration of Michael Weinbaum in support of their motion, in deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures, the Court may take judicial notice of any matters of public record, such as the *Nichols* litigation and settlement. *See United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *Anderson v. Simon*, 217 F.3d 472, 474 (7th Cir. 2000). To the extent that the declaration is deemed to introduce new facts that are not part of the public record or apparent from the face of the Amended Complaint, this motion may be considered as a summary judgment motion under F. R. Civ. P. 56.

however, Defendants request that the Court dismiss this case for a much more fundamental reason – Plaintiffs have settled their claims, signed releases and accepted compensation under a binding agreement that precludes them from litigating this action.

## II.     THE ALLEGATIONS OF THE AMENDED COMPLAINT; THE NICHOLS COMPLAINT AND SETTLEMENT.

### A.     Plaintiffs' Amended Complaint Raises Various Challenges To The Plan's "Cash Balance" Features Implemented In 1989.

Plaintiffs challenge the "cash balance" features of the Plan.[3]  Count I of the Amended Complaint alleges that the Plan violates benefits accrual rules of ERISA §204, 29 U.S.C. §1054 by providing a declining rate of benefit accruals based on age (Am. Cmplt. ¶¶31-34).  Count II contends that the Plan's 1989 conversion to a cash balance formula violated ERISA's notice requirements because the conversion was not described adequately in the summary plan description (Am. Cmplt. ¶¶35-39).

Count III alleges that, at implementation in 1989, the Plan impermissibly reduced benefits in violation of ERISA §204 (Am. Cmplt. ¶¶20, 40-43).  Count IV claims that Defendants violated ERISA §404 by allegedly failing to inform Plan participants adequately how their benefits would be affected by BP's implementation of the Plan's cash balance features in 1989 (Am. Cmplt. ¶¶20, 44-47).

### B.     The Nichols' Complaint, Filed In 2001, Similarly Challenged the Plan's Cash Balance Features.

The class action complaint in *Nichols v. BP America Retirement Accumulation Plan*, No. 01 C 6238 (N.D.Ill.), was filed on August 15, 2001 (Ex. 1, ¶1, Att. A).  The *Nichols* complaint raised similar claims as those now raised by Matthews and Palka in their Amended Complaint.  The legal theories differ in some respect, but the claims clearly overlap.

---

[3] The BP America Retirement Accumulation Plan was renamed the BP Retirement Accumulation Plan effective July 1, 2000 (Am. Cmplt. ¶20).  The plans are one in the same and will be referred to as the "Plan."

In *Nichols,* Count I alleged that the Plan violated the requirements of ERISA §§204 and 205 with respect to lump sum distribution requirements.  In Count II, the *Nichols* complaint also alleged that the Plan's computation of lump sum benefits resulted in an impermissible forfeiture of accrued benefits in violation of ERISA §203 (Ex. 1, Att. A).

      **C.**      **The Class Action Settlement In *Nichols* Bars All Claims "Relating" To The Claims Of The *Nichols* Complaint As Well As Those That "Could Have Been Brought, Raised Or Asserted" In The *Nichols* Litigation.**

In June 2002, the parties agreed to settle the claims raised in the *Nichols* litigation (Ex. 1, ¶14, Att. B, Class Action Settlement Agreement). On June 14, 2002, the *Nichols* plaintiffs moved for conditional certification of a settlement class and for preliminary approval of the Class Action Settlement Agreement (Ex. 1, ¶4, Att. C).  Notice was sent to all *Nichols* class members on July 26, 2002 (Ex. 1 ¶5, Att. D).

On September 27, 2002, the district court (Judge Pallmeyer) entered an order granting final approval of the class action settlement (Ex. 1 ¶6, Att. E).  In compliance with the terms of the Class Action Settlement Agreement, the Plan paid more than $71,000,000 to more than ten thousand class members (Ex. 1 ¶, Att. F).  Those distributions included payments in the gross amount of $2,334.87 to Matthews and $478.72 to Palka (Ex. 1 ¶ 6).

As alleged in the Amended Complaint before this Court, Matthews and Palka ceased employment and participation in the Plan in 2000 (Am. Cmplt. ¶¶5-6).  Thus, the class action settlement disposed of all claims on their behalf, and they did not accrue any additional benefits after their participation ceased.  Indeed, the claims that Plaintiffs are now asserting are based on events that occurred before their participation in the Plan ceased or in connection with the distribution of their pension benefits following their separation from service in 2000.

The claims asserted by Matthews and Palka are, therefore, barred by the prior Class Action Settlement Agreement, which contained the following provisions:

## RECITALS

\* \* \*

D. The purpose of the Agreement is to forever settle and compromise *any and all claims, disputes and controversies of any kind or nature whatsoever, whether known or unknown,* against Defendant or any persons identified in the first sentence of paragraph A above *on the basis of or arising out of or related to, in whole or in part*, the determination or payment of lump sum distributions by the Plan, *including those claims that Plaintiff or the Class have raised or could have raised in the Litigation.* (emphasis added).

\* \* \*

## I. DEFINITIONS

**1.03 Class.** "Class" shall mean each participant beneficiary or alternate payee under the Plan who has received or applied for a lump sum distribution from the Plan on or after January 1, 1989 and to and including the date of Preliminary Approval.

**1.11 Settlement Fund.** "Settlement Fund" means $71,000,000 of the assets of the Plan.

\* \* \*

## V. RELEASE

**5.01 Release and Covenant Not to Sue.** Upon Final Judgment, Plaintiff and each Class Member shall be deemed to forever *release,* remise, acquit, satisfy and discharge Defendant, including but not limited to all individuals and entities to whom reference is made in the first sentence of paragraph A of the Recitals herein, *from any and all manner of actions, or causes of action,* accounts, agreements, bills, bonds, claims, contracts, controversies, covenants, damages, debts, demands, dues, executions, judgments, liabilities, liens, promises, reckonings, specialties, suits, sums of money, trespasses and variances whatsoever and any equitable, legal and administrative relief, whether based on federal, state or local law, statute or ordinance, regulation, contract, common law, or any other source, *including any claims relating to any of the foregoing, whether known or unknown, based on*

> *or arising out of, or related to, in whole or in part*, the determination or payment of lump sum distributions by the Plan, and *including but not limited to those claims that are, have been or could have been brought, raised or asserted in the Litigation, or in any similar litigation* in this or any other court, jurisdiction or any administrative or governmental body or agency (including any federal or state regulatory commission), tribunal, arbitration panel or self-regulatory organization.
>
> By operation of the entry of the Judgment and upon Final Approval, *Plaintiff and each Class member expressly agree that* they, acting individually or together, *shall not and shall not seek to institute, maintain, prosecute, sue or assert in any action or proceeding, any action or actions, cause or causes of action, or claim on the basis of, connected with, arising out of, or substantially related to, any of the settled claims* including, without limitation, any or all of the acts, omissions, facts, matters, transactions or occurrences that were directly or indirectly alleged, asserted, described, set forth or referred to in, or related to, the Litigation, including, without limitation, the facts, events and circumstances that are the basis of the allegations raised in the Litigation. Nothing herein shall preclude any action to enforce the terms of this Agreement. (emphasis added)

\* \* \*

**BINDING EFFECT**

> **7.05 Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, including all individuals and entities referred to in paragraph A of the Recitals herein, and their respective heirs, successors and assigns.

(Ex. 1, Att. B).

The *Nichols* Class Action Settlement Agreement was executed by counsel and approved by the Court (Ex. 1, ¶6, Att. E). In the Court's September 27, 2002 Order approving the settlement, Judge Pallmeyer dismissed the case with prejudice, and entered a final judgment (*Id.*).

### III.   ARGUMENT

The Class Action Settlement Agreement in *Nichols* expressly forecloses Plaintiffs' claims. It is well established that a settlement agreement and release, such as the release that was

contained in the *Nichols* Class Action Settlement Agreement bars any further litigation of any of the released claims. *Tropp v. Western-Southern Life Insurance Co.,* 381 F.3d 591, 596 (7th Cir. 2004) (affirming dismissal of claim based upon settlement and release in an earlier class action litigation); *Howell v. Motorola, Inc.*, No. 03-5044, 2005 WL 242410 (N.D.Ill. Sept. 30, 2005) (dismissing plaintiff's ERISA class action claims as barred by his previously signed severance agreement and general release).

As set forth above, the very "purpose" of the *Nichols* Agreement was "to forever settle and compromise any and all claims . . . known or unknown . . . arising out of or related to . . . determination or payment of lump sum distributions by the Plan, *including those claims that Plaintiff and the Class have raised or could have raised . . .*" (Ex. 1, ¶4, Att. B (Recitals, D)); *Id.* (Release, §5.01). Furthermore, in Section 7.05 all of the class participants, including Matthews and Palka, agreed that the Agreement was "binding" on them for all purposes. *Id.*

Plaintiffs may respond that they are raising different legal theories from those asserted in *Nichols*. For example, they now contend that the cash balance plan reduced rates of benefit accruals based on the age of the participants, and that there were fiduciary breaches in connection with the Company's communications about the conversion to a cash balance arrangement. Admittedly, these legal theories differ somewhat from those advanced in the *Nichols* case, but the differences do not salvage the new claims from the final and binding releases to which Plaintiffs agreed. Regardless of how they characterize their claims, Plaintiffs seek a money judgment in the form of an increase in the pension benefits that they have already been paid. They do not challenge post-settlement benefit accruals; indeed, they ceased to accrue new benefits in 2000, almost three years before the *Nichols* settlement.

Thus, all of the claims in this case relate to the "determination or payment of lump sum distributions" that Plaintiffs received following their separations from service in 2000. (Ex. 1, Att. B, §5.01). Plaintiffs contend that, but for certain alleged violations of ERISA, their distributions would have been greater, and they seek an increase in the benefits already paid to them. At a minimum, their claims clearly "could have been brought, raised or asserted" in the *Nichols* case. (*Id.*). By agreeing to the *Nichols* release and accepting settlement distributions, Plaintiffs agreed to release and waive such future claims, notwithstanding the creative development of alternative theories by their new attorneys.

The language of the Settlement Agreement has additional force because the Court dismissed the *Nichols* case with prejudice when it approved the Class Action Settlement Agreement and entered judgment. Because the Class Action Agreement bars both "substantially related" claims and claims that "could have" been brought in the *Nichols* litigation, the *Nichols* dismissal with prejudice has full *res judicata* effect on any challenge to the Plan's cash balance features that Plaintiffs might seek to raise now. *See Reppert v. Marvin Lumber and Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004) (affirming dismissal of plaintiffs' complaint pursuant to Rule 12(b)(6) that was barred by settlement in prior class action claim); *Josephson v. Empire Blue Cross and Blue Shield*, No. 04-CV-3647, 2005 WL 2413638 (S.D.N.Y Sept. 28, 2005) (dismissing plaintiffs' class action claim pursuant to Rule 12(b)(6) finding that it was barred by a settlement agreement in an earlier class action claim); *Chartener v. Provident Mutual Life Insurance Co.*, No. 02-8045, 2004 WL 1091027 (E.D.Pa. May 13, 2004) (dismissing class action claims pursuant to Rule 12(b)(6) finding that the claims were barred by a settlement in an earlier class action claim); *Anderson v. Lincoln Insurance Agency, Inc.*, No. 02 C 8377, 2003 WL

291928 (N.D.Ill. Feb. 10, 2003) (dismissing plaintiffs' class action complaint pursuant to Rule 12(b)(6) finding that it was barred by a class action settlement in a related matter).

### III. CONCLUSION

For the foregoing reasons, Defendants BP Corporation North America Inc., BP Retirement Accumulation Plan and BP Investment Committee respectfully request that this Court grant Defendants' motion and dismiss all of plaintiffs' claims with prejudice.

Respectfully submitted,

/s/ Charles C. Jackson

Michael L. Banks
Charles C. Jackson
Tammara M. Lovett
MORGAN LEWIS & BOCKIUS, LLP
77 W. Wacker Drive
Chicago, Illinois 60601

Attorneys for Defendants

Dated: April 18, 2006